UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KERRY PULLIAM,

                               Plaintiff,

   -against-

07-CV-1243
(SJF)(AKT)

**OPINION & ORDER**

SUFFOLK COUNTY POLICE DEPARTMENT
DETECTIVES JAMES LILLY, TULIO SERRATA
and "JOHN DOES" No. 3 and 4, all in their
individual and/or official capacities,

                               Defendants.
-------------------------------------------------------------X

FEUERSTEIN, J.

## I. Introduction and Procedural History

On March 21, 2007, *pro se* plaintiff Kerry Pulliam ("plaintiff") filed a complaint against the Suffolk County Police Department ("SCPD") pursuant to 42 U.S.C. § 1983. By order dated April 19, 2007, I granted plaintiff's application to proceed *in forma pauperis* and *sua sponte* dismissed the complaint for failure to state a claim against the SCPD, with leave to file an amended complaint within thirty (30) days. On May 10, 2007, plaintiff timely filed an amended complaint against four (4) "John Doe" SCPD Detectives[1], in their individual and/or official capacities, alleging, *inter alia*, that on or about January 20, 2007, those four (4) detectives assaulted him during a custodial interrogation, in violation of his constitutional rights. (Amended Complaint [Compl., ¶ 5). Defendants now move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the amended complaint.

---

[1] By order dated August 1, 2007, I granted plaintiff's application to amend the caption to substitute Detectives James Lilly ("Lilly") and Tulio Serrata ("Serrata") for "John Does" 1 and 2.

## II. Factual Background

In his amended complaint, plaintiff alleges, *inter alia*, the following:

"On or about January 20, 2007 . . . I was Assaulted by 4 separate detectives in violation of my constitutional rights during an interrogation. When I refused to sign an incriminating statement against myself SCPD detective John Doe# 1 [Lilly] Strangled me and said I was "lying". . . . SCPD detective John Doe# 2 [Serrata] came in and tried to get me to sign a statement as well. When I refused to sign for him, SCPD detective John Doe# 2 [Serrata] pulled my arm behind my back in an upwards motion while he had me in a choke hold and he slapped [sic] in the face. . . . SCPD detective John Doe# 3 came in and immediately started to slap me several times. . . SCPD detective John Doe #4 came in and grabbed me in a choke hold and punched me in my back several times.. . . During the entire time I was being beaten I was hand cuffed."

Plaintiff has failed to submit any evidence in support of those allegations and does not contest the following statements or exhibits submitted by defendants in support of their motion for summary judgment:

On January 20, 2007, 911 calls were made by Jodi Isolano and Maureen DeMatteo reporting that Joseph DeMatteo ("DeMatteo") was being attacked outside his home, located at 3 Surfside Cove, West Islip, New York, by a black male. (Defendants' Statement Pursuant to Local Rule 56.1 [Def. 56.1], ¶ 2, Exhibit [Ex.] 1). In an affidavit, DeMatteo detailed the robbery attempt committed by plaintiff and the ensuing struggle. (Def. 56.1 ¶ 3, Ex. 3). According to DeMatteo, during the struggle, he and plaintiff fell to the ground and were hitting each other. (Id.). Additional affidavits of DeMatteo's wife and neighbors detail their observations of the

2

struggle between Mr. DeMatteo and plaintiff. (Def. 56.1 ¶ 4, Exhibit 4). In addition, one of those witnesses reported that he, too, wrestled plaintiff to the ground. (Id.)

On January 20, 2007, plaintiff was arrested on the charge of robbery in the second degree and was taken to the Third Precinct to be processed on his arrest. (Def. 56.1 ¶¶ 1 and 5). A SCPD police activity log indicates that upon plaintiff's arrival at the precinct, officers observed a "small cut on face/forehead area" on plaintiff and that plaintiff complained that his "face hurts from an altercation with another subject prior to the police arrival." (Def. 56.1 ¶ 5, Ex. 5). Photographs taken of plaintiff during the arrest process depict superficial abrasions consistent with the abrasion noted upon plaintiff's arrival at the precinct five (5) hours earlier. (Def. 56.1 ¶ 6, Ex. 6).

On January 21, 2007, plaintiff was turned over to the Suffolk County's Sheriff's Office. (Def. 56.1 ¶ 8). A jail intake form notes that plaintiff had a "cut on head/swollen L eye" and refused medical treatment. (Id., Ex. 8). During a physical examination of plaintiff upon his admission to the jail, plaintiff only complained of "neck stiffness." (Def. 56.1 ¶ 10, Ex. 9). Moreover, a screening sheet from the jail medical unit notes that two (2) days prior, plaintiff was hit in his left eye and the side of his head and that a reddened area was observed on plaintiff's eye. (Def. 56.1 Ex. 9). None of those documents indicate that plaintiff ever claimed any physical contact with investigating officers.

During a taped telephone interview on February 22, 2008, plaintiff claimed that he had been the victim of excessive force, but admitted: (1) that he had been in a fight with DeMatteo, during which he rolled around on the ground; (2) that he was uncertain whether he already had a cut on his head when he entered the precinct; (3) that he never received medical treatment for his

3

eye, which healed itself; (4) that he could not be certain what injuries he may have incurred during his struggle with DeMatteo; and (5) that he probably did have the cut on his head prior to arriving at the precinct. (Def. 56.1 ¶ 12, Ex. 11).

Following a jury trial, plaintiff was convicted of robbery in the second degree, a class C violent felony, for which he was sentenced to a determinate term of imprisonment of seven (7) years. (Def. 56.1 ¶ 9)

III. Discussion

A. Summary Judgment Standard

Summary judgment should not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); see Ricci v. DeStefano, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009) (holding that "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (Emphasis added) (internal quotations and citation omitted)). "A fact is material if it 'might affect the outcome of the suit under governing law.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the

4

nonmoving party, there is no genuine issue for trial." Ricci, 129 S.Ct. at 2677 (quoting Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

If the district court determines that there is a genuine dispute as to a material fact, the court must then "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment," Spinelli, 579 F.3d at 166 (internal quotations and citation omitted), to determine whether there is a genuine issue for trial. See Ricci, 129 S.Ct. at 2677. A genuine issue exists for summary judgment purposes "where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to "come forth with evidence sufficient to allow a reasonable jury to find in [its] favor." Spinelli, 579 F.3d at 166 (internal quotations and citation omitted). Thus, the nonmoving party can only defeat summary judgment "by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the existence of" a factual question that must be resolved at trial. Id. (internal quotations and citations omitted); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Summary judgment is appropriate when the non-moving party has no evidentiary support for an essential element for which it bears the burden of proof. Celotex, 477 U.S. at 322-23, 106 S.Ct. 2548. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for

the [non-movant]." Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003) (alterations in original).

It is well established that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they support." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations and citations omitted). Nevertheless, a pro se litigant cannot oppose a summary judgment motion by solely relying on "conclusory allegations or denials"; instead, he must produce "some affirmative indication that his version of relevant events is not fanciful." Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980).

### B.  Plaintiff's Section 1983 Claim

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal quotations and citation omitted). To state a claim under Section 1983, a complaint must contain factual allegations plausibly suggesting (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005). As it is assumed that the defendants were acting under color of state law, I need determine only whether plaintiff suffered a violation of his constitutional rights under Section 1983.

The source of the constitutional right against physically abusive government conduct occurring during the course of a criminal proceeding depends on the context in which it occurred. "Where * * * the excessive force claim arises in the context of an arrest * * *, it is most properly characterized as one invoking the protections of the Fourth Amendment." Graham, 490 U.S. at 394, 109 S.Ct. 1865. Where the excessive force claim arises in the context of pre-trial detention, it invokes the protections of the Due Process Clause. Id. at 395 n. 10, 109 S.Ct. 1865. Where the excessive force claim arises after conviction, "the Eighth Amendment 'serves as the primary source of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and unjustified.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986)). Since plaintiff's excessive force claim arises from the custodial interrogation that occurred during the arrest process, the constitutional right invoked is the Fourth Amendment. See, e.g. Yang Feng Zhao v. City of New York, 656 F.Supp.2d 375, 389 (S.D.N.Y. 2009); Swift v. Rinella, No. 07-cv-0748, 2008 WL 4792700, at * 2 (S.D. Ill. Oct. 31, 2008).

Under the Fourth Amendment, the relevant inquiry is whether the amount and nature of the force used was "objectively reasonable" under the totality of the circumstances faced by the officer on the scene. Graham, 490 U.S. at 396-397, 109 S.Ct. 1865. The determinative issue is the nature of the force used, as opposed to the nature of the injury, since a plaintiff may recover if the force used was unreasonable and excessive, notwithstanding that the injuries inflicted were not permanent or severe. See Robison v. Via, 821 F.2d 913, 924 (2d Cir. 1987). "[W]hile 'the extent of the injury suffered ... is one factor to be considered when determining whether the use of force was excessive, an injury need not be serious in order to give rise to a constitutional claim." Sash v. U.S., ___ F.Supp.2d ___, 2009 WL 4824669, at * 6 (S.D.N.Y. Dec. 15, 2009)

(quoting Ortiz v. Pearson, 88 F.Supp.2d 151, 160 (S.D.N.Y. 2000)). "Just as reasonable force is not unconstitutional even if it causes serious injury, neither does unreasonable force become immunized from challenge because it causes only minor injury." Sash, 2009 WL 4824669, at * 6. However, the extent and nature of the injury is probative of the amount and type of force actually used by the officer, which is relevant to a determination of the reasonableness of the force used. See, Zhao, 656 F.Supp.2d at 390.

Here, the alleged excessive force did not occur at the time of plaintiff's arrest, but rather while he was being questioned at the precinct following his arrest. Moreover, the record is devoid of any evidence reflecting a reason for the use of any force during the interrogation, i.e., that plaintiff was acting aggressively or otherwise posed a threat to the officers during the interrogation. Accordingly, the use of more than *de minimis* force, if even that, under the circumstances presented here, would not be objectively reasonable. See, e.g. Zhao, 656 F.Supp.2d at 391 (finding that no use of force was justified during an interrogation of an unresisting previously-arrested individual).

Nonetheless, the only injuries alleged by the plaintiff are a cut or abrasion in the facial area, a swollen eye and neck stiffness, which are wholly consistent with the statements of DeMatteo describing his struggle with plaintiff, the other witnesses to the scuffle between DeMatteo and plaintiff and plaintiff himself when he was asked about these injuries upon arrival at the precinct and in later statements. To the contrary, those injuries are mostly inconsistent with plaintiff's excessive force claims against defendants, i.e., he was strangled, his arm was pulled back, he was placed in a choke hold, he was slapped, and he was punched in the back. Moreover, there is no evidence in the record that plaintiff ever notified the county or defendants

of his complaints of excessive force prior to the initiation of this lawsuit, several months after his arrest. Although credibility assessments are improper on a motion for summary judgment, see McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006), plaintiff's version of the events is in such discord with the record evidence as to be "wholly fanciful." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) ("At the summary judgment stage, a non-moving party must offer some hard evidence that its version of the events is not wholly fanciful."). "[I]ssues of credibility sufficient to defeat a motion for summary judgment are not created if the * * * evidence is too incredible to be believed by reasonable minds." Schmidt v. Tremmel, No. 93 Civ. 8588, 1995 WL 6250 (S.D.N.Y. Jan. 6, 1995) (quoting Price v. Worldvision Enterprises, Inc., 455 F.Supp. 252, 266 n. 25 (S.D.N.Y. 1978)). "[W]hen the facts alleged are so contradictory that doubt is cast upon their plausibility, [the court] [is] authorized to 'pierce the veil of the complaint's factual allegations,' dispose of '[the] improbable allegations", and dismiss the claim." Aziz Zarif Shabazz v. Pico, 994 F.Supp. 460, 470-471 (S.D.N.Y. 1998) (quoting Denton v. Hernandez, 504 U.S. 25, 32, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)).

In light of the undisputed evidence and the fact that plaintiff's belated and unsubstantiated claims are replete with inconsistencies and improbabilities, "[n]o reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made in [plaintiff's] complaint or in [his] subsequent missives to the court." Schmidt, 1995 WL 6250, at * 4. Since plaintiff has failed to raise a genuine dispute of material fact which could lead a rational trier of fact to find in his favor on his excessive force claim, there is no genuine issue for trial. Accordingly, defendants' motion for summary judgment is granted.

IV. Conclusion

For the foregoing reasons, defendants' motion for summary judgment is granted and the amended complaint is dismissed in its entirety. The Clerk of the Court is directed to enter judgment in favor of defendants and to close this case.

SO ORDERED.

/s/ Sandra J. Feuerstein
United States District Judge

Dated: March 11, 2010
Central Islip, New York